IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Barbara Rhodes,<br><br>      Plaintiff,<br><br>      v.<br><br>State Farm Mutual Automobile Insurance Company and Evanston Insurance Company as successor by merger with Associated International Insurance Company, Jointly and Severally,<br><br>      Defendants. | C/A No. 0:17-cv-386-CMC<br><br><br>Opinion and Order Granting<br>Motion to Dismiss |

Through this action, Plaintiff, Barbara Rhodes ("Plaintiff"), seeks a declaratory judgment that she is entitled to excess insurance coverage under an excess insurance policy issued by Defendant Evanston Insurance Company as successor by merger with Associated International Insurance Company ("Defendant") to First Fire and Safety, LLC ("FFS") for claims arising from a September 17, 2012 accident in which Plaintiff was injured.[1]  Those claims are now pending in *Rhodes v. Glenn et al.*, S.C. Com. Pl. Case No. 2014-CP-46-342 ("Underlying Action"), which has been stayed pending the outcome of this declaratory judgment action.

The matter is before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  ECF No. 13.  For the reasons set forth below, the motion is granted.

---

[1] Plaintiff also seeks coverage under two State Farm Mutual Automobile Insurance Company policies issued to Murray G. Glenn, owner of FFS.  State Farm is not a party to this motion.

**STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations as true, it appears certain that the non-moving party (here, Plaintiff) cannot prove any set of facts in support of her claims that entitles her to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the non-moving party, it "need not accept the legal conclusions [that party would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the non-moving party is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302). Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a party advancing a claim must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); *see also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting "*Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of

2

[undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition party need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

## FACTS

On September 17, 2012, Plaintiff suffered "significant physical injuries including but not limited to her neck, lower back, arms, head/headaches and both legs" when her automobile was struck by a Chevrolet Van being driven by Murray Glenn and owned by FFS. Compl. ¶¶ 12-13. She alleges Glenn and FFS are liable because Glenn was driving "recklessly, carelessly, inattentively, and too fast for conditions" when he "disregarded a stop sign and collided with the vehicle being operated by Plaintiff." *Id.* at ¶ 13.

Plaintiff filed suit against FFS and Glenn in the underlying action, and received the policy limits of $250,000 in mediation from a State Farm policy of automobile insurance issued to FFS. *Id.* at ¶ 19, 23. Plaintiff has identified three other insurance policies which she alleges should apply; two that were issued by State Farm to Glenn on his personal vehicles[2] and an excess liability policy ("excess policy") issued to FFS by Defendant. *Id.* at ¶¶ 20-22.

The excess policy[3] issued by Defendant to FFS states:

We will pay on behalf of the insured those sums in excess of the limits shown in Item 5 of the Declarations Schedule of Underlying Insurance that you become

---

[2] Glenn's State Farm policies are not at issue in this motion to dismiss.

[3] The policy states "[t]his insurance is excess over any valid and collectible insurance whether primary, excess, contingent or any other basis, except other insurance written specifically to be excess over this insurance." Compl. Exhibit D at 2 (ECF No. 1-1 at 29).

      legally obligated to pay as damages because of injury to which this insurance applies, provided that the underlying insurance also applies, or would apply but for the exhaustion of its applicable Limits of insurance.

Compl. Exhibit D at 1 (ECF No. 1-1 at 28). The excess policy defines "Underlying Insurance" as "the policies or self-insurance in the Schedule of Underlying Insurance, any replacements thereof and other policies purchased or issued for newly acquired or formed organizations." *Id.* at 3 (ECF No. 1-1 at 30). The Declarations page lists, under Schedule of Underlying Insurance, a Colony Insurance Company General Liability Policy. *Id.* at "Declarations" (ECF No. 1-1 at 25). Under "Other Underlying Insurance, Coverage: Auto Liability," it says "Excluded." No State Farm policy is listed and no dollar amount provided for the Underlying Limits of Liability for Auto Liability claims.

## DISCUSSION

Defendant raises three arguments as to why its motion to dismiss should be granted: Plaintiff is not an insured under the policy and therefore not entitled to declaratory relief; Plaintiff has not alleged the underlying primary general liability insurance policy has been exhausted; and Plaintiff is not entitled to relief because she has not obtained a judgment against FFS, the insured. ECF No. 13-1. In response, Plaintiff argues she has a right to assert a declaratory judgment action with regard to coverage issues even if she is not the named insured, the automobile policy underlying the excess policy issued by Defendant has been exhausted, and there is no requirement that Plaintiff obtain a judgment before bringing a declaratory action. ECF No. 30.

The questions presented raise issues of policy interpretation. Under South Carolina law, "[w]ords in insurance contracts are to be given their plain, ordinary and popular meaning. . . . [A]ny ambiguous terms are to be construed liberally in favor of the insured [and] exclusionary terms [are to be] narrowly construed to the benefit of the insured." *Hutchinson v. Liberty Life Ins.*

4

*Co.*, 743 S.E.2d 827, 829 (S.C. 2013) (internal marks and citations omitted); *see also Owners Ins. Co. v. Clayton*, 614 S.E.2d 611, 614 (S.C. 2004) ("Insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability[.]"); *Tobin v. Beneficial Standard Life Ins. Co.*, 675 F.2d 606, 607 (4th Cir. 1982) ( in the absence of ambiguity, the policy is to be interpreted according to the plain and ordinary meaning of the words by which the parties chose to contract."). While ambiguities are construed in favor of coverage, "[c]ourts should not . . . torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties." *Cook v. State Farm Auto. Ins. Co.*, 656 S.E.2d 784, 786-787 (S.C. Ct. App. 2008) (internal marks omitted).

In this case, the excess policy at issue is clear it does not apply as excess to an automobile liability claim. The excess policy language plainly states it pays sums in excess of the limits of the underlying insurance, provided the underlying insurance also applies. The only underlying policy listed on the Schedule of Underlying Insurance is the Colony Insurance Company policy – there is no automobile policy listed. The State Farm policy issued to FFS is not listed anywhere in the excess policy.

Under "other underlying insurance," the Declarations page notes coverage for "auto liability" is excluded. Plaintiff argues the "declaration page indicates that excess coverage is excluded **to** the amount provided in the automobile liability policy," and that the underlying auto liability policy has been exhausted. However, the Declarations page of the policy does not list an underlying automobile liability policy. The "to," which Plaintiff attributes as coverage excluded "to" the underlying limits of liability, is mirrored in the top section of item 4, the controlling underlying insurance policy section. That "to" has spaces for the dates of coverage (listed for the Colony policy as 12/15/2011 **to** 12/15/2012), and the "to" regarding the auto liability policy has

5

blanks before and after it.  Therefore, the "to" in question refers to dates of coverage, which are not present for any automobile liability policy, rather than amount provided.  Plaintiff's argument regarding interpretation of the Declarations page is unpersuasive.

As Plaintiff has failed to plead the Colony policy has been exhausted, and the State Farm policy that has been exhausted is not on the Schedule of Underlying Insurance, the exhaustion requirement that would allow Plaintiff to recover under Defendant's policy is not met.[4]

## CONCLUSION

For the reasons set forth above, Defendant Evanston Insurance Company as successor by merger with Associated International Insurance Company's motion to dismiss (ECF No. 13) is granted.  This matter continues as to Defendant State Farm Automobile Insurance Company.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 30, 2017

---

[4] Defendant also argues dismissal is appropriate because Plaintiff is not a named insured on the policy and Plaintiff has not obtained a judgment against FFS, as required for the excess policy to pay.  However, as the court has decided the issue based on the exhaustion requirement, these arguments will not be reached.

6